IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DERRICK AND L. PAMELA WALKER,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-03796 |
| **ALLSTATE TEXAS LLOYD'S AND JOSHUA YUELL MARR,** | § § § § | JURY |
| *Defendants*. | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Allstate Texas Lloyd's ("Allstate") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

### I.   *Procedural Background*

1. On or about August 28, 2019, Plaintiffs filed Plaintiffs' Original Petition in the matter styled: *Derrick and L. Pamela Walker v. Allstate Texas Lloyd's and Joshua Yuell Marr*; Cause No. 19-DCV-266022; in the 458th Judicial District Court, Fort Bend County, Texas, in which Plaintiffs made a claim for damages under their homeowner's insurance policy with Allstate following a severe weather event. Allstate's registered agent received the citation and petition on or about September 3, 2019. Allstate files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

2. Attached hereto as **Exhibit "A"** is the Index of Matters Being Filed. A copy of the Fort Bend County Clerk's file for this case is attached as **Exhibit "B"**, which includes true and correct copies of all executed process, pleadings and any orders. Attached hereto as **Exhibit "C"** is the List of Counsel of Record.

1

## II.     *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332(a)(1).  There is complete diversity of citizenship.

4. Plaintiffs are, and were at the time the lawsuit was filed, citizens of the State of Texas.  *See* Plaintiffs' Original Petition, ¶ 2.

5. Defendant Allstate Texas Lloyd's is, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined ... solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  The individual underwriters of Allstate Texas Lloyd's Insurance Company and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Kimberley M. Bartos – Illinois; 3). Michael W. Demetre – Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Bonnie A. Lee – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Mario Rizzo – Illinois; 9). Richard J. Smith, Jr. – Illinois; 10.) Steven P. Sorensen – Illinois; 11.) Myron E. Stouffer.  Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey.

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).

[2] "Fifth Circuit jurisprudence is equally clear."  *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

7347187v1
03647.747

6. Defendant Joshua Yuell Marr ("Marr") is listed in Plaintiffs' Original Petition as residing in Texas. Plaintiffs' Petition alleges that Marr was an adjuster of the insurance claim at issue and further alleges causes of action against him arising out of that adjustment. *See* Plaintiffs' Original Petition, ¶¶ 13-14, 50-59. The cause of action in the case is related to a severe weather event and is subject to Tex. Ins. Code 542A. *See* Plaintiffs' Original Petition, ¶¶ 10-12.

7. On October 2, 2019, Allstate filed Defendant's Election of Legal Responsibility under Section 542A.006 of the Texas Insurance Code, requesting the Court to dismiss this action with prejudice against Joshua Yuell Marr as mandated under Chapter 542A of the Texas Insurance Code.

8. With respect to the claims against Marr, it is Allstate's position that he is now an improper party to this action and should not be considered for purposes of determining diversity. By timely filing its election under 542A of the Texas Insurance Code, the actions against Marr are no longer viable and must be dismissed. *See* Tex. Ins. Code § 542A.006(c). Additionally, Marr has not been served in this matter and has not appeared herein. Therefore, his inclusion as a defendant should not be considered for removal.

9. Further, with respect to the claims against Marr, it is Allstate's position that he has been fraudulently joined in this action. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

7347187v1
03647.747

10. Here, based on Plaintiffs' vague allegations in Plaintiffs' Original Petition, there is no basis to reasonably predict that Texas law might impose liability on Marr because no real facts relating to him have been set forth. The allegations against Marr appear to simply be a recasting of those against Allstate.

11. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiffs' Original Petition clearly states that Plaintiffs seek "monetary relief of no less than $100,000.00, but no more than $200,000.00." *See* Plaintiffs' Original Petition, ¶71. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.   *The Removal is Procedurally Correct*

12. Allstate was first served with the petition on or about September 3, 2019. It files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Fort Bend County promptly after Allstate files this Notice.

Respectfully submitted,

By: */s/Jay Simon*
Jay Scott Simon
State Bar No. 24008040
Southern District No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE TEXAS LLOYD'S**

**CERTIFICATE OF SERVICE**

This is to certify that on October 2, 2019, a true and correct copy of the foregoing was served upon the following Counsel of Record in accordance with the Federal Rules of Civil Procedure:

Chad T. Wilson
Tara L. Peveto
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Ste. 555
Webster, TX 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

*/s/Jay Simon*
Jay Scott Simon