# REGISTER OF ACTIONS
## CASE NO. 19-DCV-266022

| | |
|---|---|
| Derrick and L. Pamela Walker V. Allstate Texas Lloyd's and Joshua Yuell Marr | § § § § § |

| | |
|---|---|
| Case Type: | **Contract - Consumer/Commercial/Debt** |
| Date Filed: | **08/28/2019** |
| Location: | **458th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant or Respondent** | **Allstate Texas Lloyd's**<br>Dallas, TX 75201-3136 | **Jay Scott Simon**<br>*Retained*<br>713-403-8210(W) |
| **Defendant or Respondent** | **Marr, Joshua Yuell**<br>Denison, TX 75020 | |
| **Plaintiff or Petitioner** | **Walker, Derrick** | **Chad T Wilson**<br>*Retained*<br>832-415-1432(W) |
| **Plaintiff or Petitioner** | **Walker, L Pamela** | **Chad T Wilson**<br>*Retained*<br>832-415-1432(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/28/2019 | **Petition**      **Doc ID# 1** | |
| | *Plaintiffs Original Petition, Jury Demand, and Request for Disclosure* | |
| 08/28/2019 | **Case Information Sheet** | |
| | *Civil Case Information Sheet* | |
| 08/28/2019 | **Request**      **Doc ID# 2** | |
| | *Request for Process* | |
| 08/28/2019 | **Letters** | |
| | *Cover Letter* | |
| 08/28/2019 | **Jury Fee Paid** | |
| | *Jury Fee Paid* | |
| 08/29/2019 | **Issuance**      **Doc ID# 3** | |
| | *Citation Issued to Allstate Texas Lloyd's* | |
| 08/29/2019 | **Citation** | |
| | *e-Service* | |
| | Allstate Texas Lloyd's | Returned Unserved  09/05/2019 |
| | | Returned           09/05/2019 |
| 08/29/2019 | **Issuance**      **Doc ID# 4** | |
| | *Citation Issued to Joshua Yuell Marr* | |
| 08/29/2019 | **Citation** | |
| | *e-Service* | |
| | Marr, Joshua Yuell | Unserved |
| 09/05/2019 | **Officers Return**      **Doc ID# 5** | |
| | *Citation Return for Allstate Texas Lloyd's* | |
| 09/30/2019 | **Answer/Contest/Response/Waiver**      **Doc ID# 6** | |
| | *Defendant Allstate Texas Lloyd's Original Answer and Demand for Jury Trial* | |
| 10/02/2019 | **Motion (No Fee)**      **Doc ID# 7** | |
| | *Defendant Allstate Texas Lloyd's Election of Legal Responsibility Under Section 542A.006 of The Texas Insurance Code for Joshua Yuell Marr* | |
| 10/02/2019 | **Proposed Order**      **Doc ID# 8** | |
| | *Order of Dismissal of Defendant Joshua Yuell Marr With Prejudice* | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff or Petitioner** Walker, Derrick | | |
| | Total Financial Assessment | | 350.00 |
| | Total Payments and Credits | | 350.00 |
| | **Balance Due as of 10/02/2019** | | **0.00** |
| | | | |
| 08/28/2019 | Transaction Assessment | | 350.00 |
| 08/28/2019 | E-filing | Receipt # 2019-60779-DCLK | Walker, Derrick | (350.00) |

# EXHIBIT B

Filed
8/28/2019 10:17 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **19-DCV-266022**

| | | |
|---|---|---|
| DERRICK AND L. PAMELA WALKER, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S AND | § | |
| JOSHUA YUELL MARR, | § | Fort Bend County - 458th Judicial District Court |
| | § | |
| *Defendants.* | § | _____ DISTRICT COURT |

## PLAINTIFFS ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Derrick and L. Pamela Walker, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Texas Lloyd's ("Allstate") and Joshua Yuell Marr ("Marr") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.  Plaintiffs, Derrick and L. Pamela Walker, reside in Fort Bend County, Texas.

3.  Defendant, Allstate Texas Lloyd's, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Allstate, through its registered agent for service: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiffs requests service at this time.

4.    Defendant Joshua Yuell Marr is an individual resident of Denison, Texas. Marr may be served with citation at the address listed with the Texas Department of Insurance: **811 W Shepherd Street, Denison, Texas 75020**. Plaintiffs requests service at this time.

## JURISDICTION

5.    The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Marr because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiffs asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiffs owns an Allstate Texas Lloyd's insurance policy, number 000229147436 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 1727 Mustang Crossing Missouri City, Texas 77459 ("the Property").

2

10.   Allstate Texas Lloyd's or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate Texas Lloyd's represented to Plaintiffs that the Policy included hail and windstorm On or about May 26, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Missouri City/Fort Bend Texas area.

11.   In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property.  Allstate assigned claim number 0535578116 to Plaintiffs' claim.

12.   Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

13.   Allstate hired or assigned its agent, Marr, to inspect and adjust the claim. Marr conducted an inspection on or about May 7, 2019, according to the information contained in his estimate. Marr's findings generated an estimate of damages totaling $889.98. After application of depreciation,and $2,194.85 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

14.   Allstate, through its agent, Marr, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15.   Allstate and Marr have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Marr found minimal damage to Plaintiffs roof. The third-party inspector hired to review the damage to the Property found extensive and obvious windstorm and hail damage including, but not limited to, the roof, vents, flashings, windows, window screens, gutters, and downspouts. The storm compromised the integrity of the roof allowing water to enter, causing water

3

damage to the following areas of the interior: living room, master bedroom, master closet and master bath.

16. The damage to Plaintiffs Property is currently estimated at $24,853.92.

17. Marr had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Marr.

18. Furthermore, Marr was aware of Plaintiffs deductible prior to inspecting the Property. Marr had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19. Marr misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Marr made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiffs Policy, Marr misrepresented that the damage was caused by non-covered perils. Marr used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs Property would not be covered under the policy.

21. As stated above, Allstate and Marr improperly and unreasonably adjusted Plaintiffs claim. Without limitation, Allstate and Marr misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs Property, as well as the amount of insurance coverage for Plaintiffs claim or loss under the Policy.

22. Allstate and Marr made these and other false representations to Plaintiffs, either knowingly

4

or recklessly, as a positive assertion, without knowledge of the truth. Allstate and Marr made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Marr.

23. Plaintiffs relied on Allstate and Marr's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs Property. Plaintiffs' damages are the result of Plaintiffs reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Marr, Allstate failed to assess the claim thoroughly. Based upon Marr's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

25. Because Allstate and Marr failed to provide coverage for Plaintiffs insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs Property.

26. Furthermore, Allstate and Marr failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Marr performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

27. Allstate's and Marr's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas

5

Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

28. Allstate's and Marr's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Marr have failed to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Marr have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

29. Allstate's and Marr's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate and Marr failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

30. Additionally, after Allstate received statutory demand on or about June 26, 2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs claim properly.

31. Allstate and Marr's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Marr performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiffs under the Policy.

32. Specifically, Allstate and Marr performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs losses on

6

the Property.

33.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Marr subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated time after receiving all necessary information.

34.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Marr's intentional undervaluation of Plaintiffs' claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Marr's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiffs claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs claim.

35.    Allstate and Marr's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYD'S

36.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

37.    Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

7

38.    Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy,
       and under the laws of the State of Texas, constitutes a breach of Allstate's insurance
       contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39.    Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
       Settlement Practices. TEX. INS. CODE §541.060(a).  All violations under this article are
       actionable by TEX. INS. CODE §541.151.

40.    Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating
       to coverage constitutes an unfair method of competition and a deceptive act or practice in
       the business of insurance.  TEX. INS. CODE §541.060(a) (1).

41.    Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt,
       fair, and equitable settlement of the claim, even though Allstate's liability under the Policy
       was reasonably clear, constitutes an unfair method of competition and a deceptive act or
       practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

42.    Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable
       explanation of the basis in the Policy, in relation to the facts or applicable law, for
       underpayment and denial of the claim, constitutes an unfair method of competition and a
       deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

43.    Allstate's unfair settlement practice of refusing to pay Plaintiffs full claim without
       conducting a reasonable investigation constitutes an unfair method of competition and a
       deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

8

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

44.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

45.     Allstate's delay in paying Plaintiffs claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are each a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

    A.     By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations

include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.   Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

10

G.  Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.  Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT JOSHUA YUELL MARR

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.  All allegations above are incorporated herein.

51.  Marr's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

52.  Marr is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Marr is a "person," as defined by TEX. INS. CODE §541.002(2).

53.  Marr knowingly underestimated the amount of damage to the Property. As such, Marr failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

54.  Furthermore, Marr did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

55.  Marr's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial

11

denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

56. Marr's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

57. All allegations above are incorporated herein.

58. Marr's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Marr pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Marr. Specifically, Marr's violations of the DTPA include the following matters:

    A.    By this Defendant's acts, omissions, failures, and conduct, Marr has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Marr's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

    B.    Marr represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

12

C.   Marr represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Marr's actions are unconscionable in that Marr took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree.   Marr's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Marr's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59.   Each of Marr's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Marr, as defined by the Texas Deceptive Trade Practices Act.   TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

60.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

61.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

13

## DAMAGES

62. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' claims in violation of the laws set forth above.

63. Plaintiffs currently estimate that actual damages to the Property under the Policy are $24,853.92.

64. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs damages, which include, without limitation, the cost to properly repair Plaintiffs Property and any investigative and engineering fees incurred.

65. For breach of contract, Plaintiffs are entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

66. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on

14

those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

69.   Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

70.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As

15

required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

72.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

73.     Plaintiffs hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiffs hereby tenders the appropriate jury fee.

## PRAYER

Plaintiffs prays that Defendants, Allstate Texas Lloyd's and Joshua Yuell Marr, be cited and served to appear, and that upon trial hereof, , recovers from Defendant, Allstate Texas Lloyd's and Joshua Yuell Marr such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs

16

behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at

law or in equity, to which Plaintiffs may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

Filed
9/5/2019 12:40 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

# SERVICE FEE NOT COLLECTED
# BY DISTRICT CLERK

## THE STATE OF TEXAS

## CITATION

**TO:** **ALLSTATE TEXAS LLOYD'S**
**C T CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **August 28, 2019**, a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-266022** and is styled:

**DERRICK AND L. PAMELA WALKER V. ALLSTATE TEXAS LLOYD'S AND JOSHUA YUELL MARR**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX 77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 29th day of August, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Ashley Alaniz_
Deputy District Clerk **ASHLEY ALANIZ**
Telephone: **(281) 633-7616**

**ORIGINAL**

19-DCV-266022                              458th Judicial District Court
Derrick and L. Pamela Walker V. Allstate Texas Lloyd's and Joshua Yuell Marr

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the __3__ day of __September__, 20_19_ at _11_ o'clock _A_ M.
Executed at _1999 Bryon St Ste 900 Dallas, TX 75301_, within the County of __
_Dallas_, at _1131_ o'clock _A_ M. on the _____ day of
_____, 20__, by delivering to the within named _Allstate Texas Lloyd's CT_
_corperation System through Antoinette Williams_, in person, a true copy of this citation together
with the accompanying copy of the petition, having first attached such copy of such petition to such copy
of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $ _____

_____
Name of Officer or Authorized Person

_____, County, Texas
By: ___PSC 16054 11-31-20___
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

"My name is _John Duford Jr_____,
                  (First, Middle, Last)

my date of birth is ▮▮▮▮▮▮, and my address is _3510 W Glen Dr, Irving, TX 75063_,
                                                        (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _Dallas_ County, State of _TX_, on the
day of _9-3-19_

_____
Declarant / Authorized Process Server
___PSC 16054 11-31-20___
(id # & expiration of certification)

## ORIGINAL

Citation (Original Petition) issued to Allstate Texas Lloyd's on 8/29/2019.

Filed
9/30/2019 12:00 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

**CAUSE NO. 19-DCV-266022**

| | | |
|---|---|---|
| **DERRICK AND L. PAMELA WALKER,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **JOSHUA YUELL MARR,** | § | |
| | § | |
| *Defendants.* | § | **458TH JUDICIAL DISTRICT** |

**DEFENDANT ALLSTATE TEXAS LLOYD'S ORIGINAL ANSWER AND
DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Texas Lloyd's ("Defendant"), and files this its Original Answer to Plaintiffs' Original Petition, and would respectfully show unto the Court the following

**I.
ORIGINAL ANSWER**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

**II.
DEMAND FOR JURY TRIAL**

Defendant herein makes demand for a jury trial in this case.

1

7335618v1
03647.747

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing thereof, Plaintiff recover nothing from Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:    /s/Jay Scott Simon
      Jay Scott Simon
      State Bar No. 24008040
      jsimon@thompsoncoe.com
      THOMPSON, COE, COUSINS & IRONS, LLP
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone:  (713) 403-8210
      Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

This is to certify that on September 27, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Chad T. Wilson
Tara L. Peveto
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Ste. 555
Webster, TX  77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

                    /s/Jay Scott Simon
                    Jay Scott Simon

2

Filed
10/2/2019 10:51 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

## CAUSE NO. 19-DCV-266022

| | | |
|---|---|---|
| **DERRICK AND L. PAMELA WALKER,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **JOSHUA YUELL MARR,** | § | |
| | § | |
| *Defendants.* | § | **458TH JUDICIAL DISTRICT** |

### DEFENDANT ALLSTATE TEXAS LLOYD'S
### ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF
### THE TEXAS INSURANCE CODE FOR JOSHUA YUELL MARR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Texas Lloyd's ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.  RELEVANT BACKGROUND

On August 28, 2019, Plaintiffs filed this action relating to events in claim number 0535578116, naming as defendants Allstate Texas Lloyd's and Joshua Yuell Marr.

For purposes of this Election, Joshua Yuell Marr ("Marr") is considered Allstate's "agent" under Texas Insurance Code Section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act on Allstate's behalf.

### II.  ELECTION

Under Section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Marr might have to Plaintiffs for Marr's acts or omissions related to the allegations set forth in this lawsuit, and, by this pleading, Plaintiffs are provided written notice of Allstate's Election.

1

### III.  DISMISSAL OF JOSHUA YUELL MARR WITH PREJUDICE

Under Section 542A.006(c) of the Texas Insurance Code, and based on Allstate's Election, this Court "shall dismiss" this action against Marr with prejudice.  Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records in this lawsuit and that Joshua Yuell Marr be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

By:   /s/Jay Scott Simon
       Jay Scott Simon
       State Bar No. 24008040
       jsimon@thompsoncoe.com
       THOMPSON, COE, COUSINS & IRONS, LLP
       One Riverway, Suite 1400
       Houston, Texas 77056
       Telephone:  (713) 403-8210
       Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**

2

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on October 2, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

      Chad T. Wilson
      Tara L. Peveto
      CHAD T. WILSON LAW FIRM, PLLC
      455 E. Medical Center Blvd., Ste. 555
      Webster, TX  77598
      eservice@cwilsonlaw.com
      cwilson@cwilsonlaw.com
      tpeveto@cwilsonlaw.com

                                   */s/Jay Scott Simon*
                                   Jay Scott Simon

3

Filed
10/2/2019 10:51 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

## CAUSE NO. 19-DCV-266022

| | | |
|---|---|---|
| **DERRICK AND L. PAMELA WALKER,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **JOSHUA YUELL MARR,** | § | |
| | § | |
| *Defendants.* | § | **458TH JUDICIAL DISTRICT** |

### ORDER OF DISMISSAL OF DEFENDANT JOSHUA YUELL MARR
<u>WITH PREJUDICE</u>

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code filed by Defendant Allstate Texas Lloyd's ("Allstate"). Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code on behalf of Defendant Joshua Yuell Marr ("Marr").

It is therefore **ORDERED, ADJUDGED AND DECREED** that all claims and causes of action brought against Marr in the above-referenced cause are hereby **DISMISSED** with prejudice to refiling of same.  Any and all relief sought against Marr not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating to any claim or cause of action brought against Marr shall be borne by the party incurring same.

_____          _____
DATE                                                       JUDGE PRESIDING

1

7346855v1
03647.747

ROUTED TO COURT 10-02-19 AA
RT'D TO D. CLERK